## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KARL URBANEWITZ,                    *

    PLAINTIFF,                      *

        v.                       *          Civil Action No. RDB-21-2175

CECIL COLLEGE,                      *

                                               *

    DEFENDANT.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Karl Urbanewitz ("Plaintiff" or "Urbanewitz"), proceeding *pro se*, brings this civil rights action against Defendant Cecil College (the "College"), alleging violations of his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles 17 and 24 of the Maryland Declaration of Rights. Urbanewitz originally filed suit against the College in the Circuit Court for Cecil County, Maryland. *See* Case No. C-07-CV-21-000195. Cecil College removed this case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Presently pending before this Court is the College's Motion to Dismiss for Failure to State a Claim. (ECF No. 10.) The parties' submissions have been reviewed, and no hearing is necessary.[1] *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the College's Motion to Dismiss (ECF No. 10) is GRANTED and this case is DISMISSED WITH PREJUDICE.

---

[1] It appears that Plaintiff's response in opposition to the College's Motion was never docketed. The College has submitted the opposition it received from Plaintiff via FedEx as an exhibit to its reply brief. (ECF No. 12-1.)

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). On January 24, 2008, Plaintiff Karl Urbanewitz was convicted of sexual abuse of a minor and third-degree sexual offense following a jury trial in the Circuit Court for Queen Anne's County, Maryland. (Maryland Judiciary Case Search Report, Case No. 17-K-07-006653, ECF No. 10-4.)[2]  He is registered with the state of Maryland as a Tier III sex offender. (Sex Offender Registry Data, ECF N0. 10-3.) As of November 2019, Urbanewitz was enrolled in a dance class at Cecil College. (Compl., ECF No. 1-4 at 3.)[3] On November 1, 2019, Cheryl Davis-Robinson, Cecil College's Director of Student Life, wrote to Urbanewitz informing him that the College had discovered that he was Tier III Registered Sex Offender and requesting that he provide the information required by the College's Convicted Felons and Registered Sex Offenders Policy.[4] (ECF No. 1-4 at 3; Email Correspondence, ECF No. 1-5.) The College gave him the option to present this information either in person before the Enrollment Review Board or

---

[2] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute "adjudicative facts."" *Waters v. Randolph*, Civil Action No. GLR-17-2960, 2018 U.S. Dist. LEXIS 3489, at *1 n.3 (D. Md. Jan. 9, 2018) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)); *see also Bly v. Circuit Court for Howard Cty.*, Civil Action No. GLR-18-1333, 2019 U.S. Dist. LEXIS 107523, at *13 n.7 (D. Md. June 26, 2019) (taking judicial notice of records on the Maryland Judiciary Case Search).

[3] Plaintiff's Complaint consists of a form provided by the Circuit Court for Cecil County as well as Plaintiff's own document, which is styled as an appellate brief. (ECF Nos. 1-3, 1-4.)

[4] The policy requires registered sex offenders to disclose their status prior to registering for credit or continuing education classes. (Policy, ECF No. 10-6.) Failure to comply with the policy is considered a violation of the Code of Student Conduct. (*Id.*)

by writing. (ECF No. 1-5.) Urbanewitz responded to the letter by forwarding the probation order from his criminal case. (ECF No. 1-4 at 3; ECF No. 1-5.) On November 22, 2019, the College informed Urbanewitz that it had concluded that his presence on campus represented a threat to minor students. (ECF No. 1-4 at 3-4; ECF No. 1-5.) Urbanewitz was banned from all Cecil College activities and events and his dance class registration was cancelled. (ECF No. 1-5.) The College informed him of his right to appeal the decision within 14 days. (*Id.*)

On June 16, 2021, Urbanewitz wrote to the College asking that his privileges to enroll in classes and participate in activities be reinstated. (ECF No. 1-4 at 4.) The College responded by forwarding the Enrollment Review Board decision of November 22, 2019. (*Id.*) On July 16, 2021, Urbanewitz filed suit in the Circuit Court for Cecil County, Maryland. (Notice of Removal, ECF No. 1-1.) On August 25, 2021, Cecil College removed this case to this Court. (*Id.*)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than

pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

4

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). Accordingly, this Court will consider the Appendix to Plaintiff's Complaint, which contains a record of the email correspondence between him and the College regarding the Enrollment Review Board's investigation and decision. (ECF No. 1-5.) This Court will also consider the College's Convicted Felons and Registered Sex Offenders Policy. (ECF No. 10-6.) The policy is integral to Plaintiff's Complaint because it represents the grounds upon which he was banned from the College. Plaintiff has not challenged the authenticity of this document. This Court may also consider facts and documents subject to judicial notice, such as court documents, without converting the motion to dismiss into a

motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013).

## ANALYSIS

### I.     Fifth Amendment Claims

Plaintiff's Fifth Amendment claims are subject to dismissal. The Due Process Clause of the Fifth Amendment to the United States Constitution applies only to federal actors. *Winfield v. Bass*, 106 F.3d 525, 530 n.2 (4th Cir. 1997); *see also Ambush v. City of Frederick*, WDQ-10-1953, 2011 U.S. Dist. LEXIS 6525, at *7 (D. Md. Jan. 21, 2011). Cecil College, the sole defendant in this case, is a state institution. (ECF No. 10-1 at 11.) Accordingly, Plaintiff's Fifth Amendment claims fail.

### II.    Article 17 Claims

Plaintiff's Article 17 claims are also subject to dismissal. Article 17 of the Maryland Declaration of Rights provides "that retrospective Laws, punishing acts committed before the existence of such Laws, and by them only declared criminal, are oppressive, unjust and incompatible with liberty; wherefore, no *ex post facto* Law ought to be made; nor any retrospective oath or restriction be imposed, or required." Md. Const. Decl. Rights, Art. 17. Plaintiff makes no allegations regarding any retroactive law. "Only the retroactive application of laws will implicate Article 17's protections." *Doe v. Dep't of Pub. Safety & Corr. Servs.*, 430 Md. 535, 559, 62 A.3d 123, 137 (2013). Accordingly, Plaintiff's Article 17 claims fail.

### III.   Due Process Claims

To the extent Plaintiff raises due process claims under either Article 24 of the Maryland Declaration of Rights or the Fourteenth Amendment to the United States

Constitution, such claims are subject to dismissal. Article 24 provides that "no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property...." Md. Const. Decl. Rights, Art. 24. Due process claims under Article 24 are read *in pari materia* with Fourteenth Amendment due process claims. *Ross v. Cecil Cty. Dep't of Soc. Servs.*, 878 F. Supp. 2d 606, 622 (D. Md. 2012). "To establish a violation of procedural due process, plaintiffs must show that (1) they had property or a property interest (2) of which the defendant deprived them (3) without due process of law." *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005).

Even assuming that Plaintiff has properly pled the first two elements, he has not sufficiently alleged that the College failed to afford him procedural due process. At a minimum, due process requires fair notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Beyond those threshold requirements, though, due process is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In the academic context, disciplinary decisions generally require notice and an opportunity for a student to "characterize his conduct and put it in what he deems the proper context." *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 86, (1978); *see also Royal v. Kirschling*, Civil Action No. CCB-19-2825, 2020 U.S. Dist. LEXIS 64332, at *18 (D. Md. Apr. 13, 2020). To the extent Plaintiff alleges that Defendant failed to provide such an opportunity, his allegations are contradicted by the email correspondence attached to his Complaint. (ECF No. 1-5.) The correspondence shows that the College discovered that Plaintiff had not disclosed his status as a Tier III Registered

7

Sex Offender and requested that he provide more information to determine whether he could remain enrolled in his class. (*Id.*) The College gave Plaintiff the choice either to provide the requested information in writing or to appear in person before the College's Enrollment Review Board. (*Id.*) Plaintiff chose to submit documentation. After reviewing Plaintiff's documentation, the College determined that his presence on campus posed a threat to the safety of minor students. (*Id.*) The College then informed Plaintiff of his right to appeal the decision. (*Id.*) When a "document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint." *Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, 948 F. Supp. 2d 525, 532 (D. Md. 2013) (citing *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). Accordingly, Plaintiff's due process claims fail.[5]

## IV.   Equal Protection Claims

To the extent Plaintiff raises equal protection claims against the College, such claims are also subject to dismissal. To state an equal protection claim, Plaintiff must allege (1) that he has been treated differently from others with whom he is similarly situated, and (2) that the unequal treatment was the result of intentional or purposeful discrimination. *See, e.g., City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439-40 (1985); *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818-19 (4th Cir. 1995); *Traversa v. Ford*, 718 F. Supp. 2d 639, 644 (D. Md. 2010). Plaintiff makes no allegation that he has been treated differently from anyone else. He also fails to state with particularity any facts that would tend to show that the

---

[5] Plaintiff's complaint would also be insufficient as to a claim for violation of his substantive due process rights. Substantive due process "covers only state action which is 'so arbitrary and irrational, so unjustified by any circumstance or government interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.'" *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 827 (4th Cir. 1995) (quoting *Rucker v. Harford Cnty., Md.*, 946 F.2d 278, 281 (4th Cir. 1991)). Plaintiff's complaint fails to state plausibly a claim for protection under this narrow right.

treatment he received was the result of intentional discrimination. Instead, he relies on the conclusory allegation that banning him from campus was discriminatory. *See Corbitt v. Balt. City Police Dep't*, Civil Action No. RDB-20-3431, 2021 U.S. Dist. LEXIS 149996, at *24 (D. Md. Aug. 10, 2021) (holding that conclusory allegations are insufficient to state a claim for a civil rights violation). Accordingly, Plaintiff's equal protection claims fail.[6]

## V.   Defamation Claims

Finally, Plaintiff's defamation claims are also subject to dismissal.

Under Maryland law, to establish a prima facie case of defamation, a plaintiff must establish that (1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm.

*Schifanelli v. Queen Anne's Cty. Bd. of Comm'rs*, Civil Action No. GLR-20-2906, 2021 U.S. Dist. LEXIS 156202, at *17-18 (D. Md. Aug. 18, 2021) (citations omitted). In Maryland, defamation claims are subject to a one-year statute of limitations. Md. Code. Ann., Cts. & Jud. Proc. § 5-105; *see also Indep. Newspapers Inc. v. Brodie*, 407 Md. 415, 441, 966 A.2d 432 (2009). "A defamation claim accrues when the allegedly defamatory statement is made, or, at

---

[6] To the extent Plaintiff argues that the College's registered sex offenders policy itself violates the equal protection guarantees of Article 24 and the Fourteenth Amendment, his argument fails. Equal protection mandates that the state "must avoid distinguishing between classes of people in an arbitrary or irrational manner or out of a bare . . . desire to harm a politically unpopular group." *M.A.B. v. Bd. of Educ.*, 286 F. Supp. 3d 704, 717 (D. Md. 2018) (citations omitted). As sex offenders are not a suspect class, courts apply rational basis review when analyzing state policies directed at them. *Doe v. Settle*, No. 20-1951, 2022 U.S. App. LEXIS 2691, at *11 (4th Cir. Jan. 28, 2022) (applying rational basis review to a plaintiff's equal protection challenge to the requirement that he appear on a state sex offender registry). Under rational basis review, it is Plaintiff's burden to plead facts that demonstrate no conceivable government purpose could have provided a rational basis for the College's policy. *Beahn v. Gayles*, No. GJH-20-2239, 2021 U.S. Dist. LEXIS 139794, at *28 n.12 (D. Md. July 26, 2021) (applying rational basis review at the motion to dismiss stage). Again, Plaintiff has pled only conclusory allegations to suggest that the policy irrationally discriminates against Tier III sex offenders. Therefore, any equal protection challenge to the College's policy itself fails.

the latest, when the plaintiff knows or reasonably should have known that the statement was made, regardless of whether the harm allegedly suffered occurs at a later date." *Maupin v. Howard Cty. Pub. Sch. Sys.*, No. L-10-2659, 2012 U.S. Dist. LEXIS 14389, at *14-15 (D. Md. Feb. 7, 2012). In this case, Plaintiff alleges that the College defamed him in its letter stating that it determined that his presence on campus presented a threat to the safety of minors. That letter was issued on November 22, 2019, well over a year before Plaintiff filed this suit on July 16, 2021. Therefore, any claim based on that letter is time-barred. To the extent Plaintiff alleges that the College's response to his June 16, 2021 correspondence was defamatory, Plaintiff notes that the College's response merely repeated the decision of the Enrollment Board which he received earlier. (ECF No. 1-4 at 4.) Plaintiff does not allege that the College published its decision to any third party. *See Harvey v. CNN, Inc.*, 520 F. Supp. 3d 693, 714 (D. Md. 2021) (dismissing Maryland defamation claims where a plaintiff failed to allege publication of allegedly defamatory statements). Accordingly, Plaintiff's defamation claims fail.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 10) is

GRANTED, and this case is DISMISSED WITH PREJUDICE.[7]

A separate Order follows.

Dated: March 1, 2022

_____/s/_____

Richard D. Bennett
United States District Judge

---

[7] "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013). Dismissal with prejudice is appropriate where an amendment to the complaint would be futile. *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). "While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless." *McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) (internal citation omitted). This Court has reviewed Plaintiff's Complaint and construed it so as to discern any potentially meritorious claims. This Court concludes that amendment would be futile. Accordingly, dismissal with prejudice is proper.